UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ex. rel. Michael G. Nerheim, State's Attorney of Lake County, Illinois; LAKE COUNTY, ILLINOIS; MICHAEL G. NERHEIM, as State's Attorney of Lake County, Illinois<br><br>*Plaintiffs*,<br>v.<br><br>JUUL LABS, INC., a Delaware corporation,<br><br>*Defendant*. | Removed from the Circuit Court of Lake County, Illinois, County Department, Law Division No. 2019-L-00000571<br><br><br>Civil Action No. 1:19-cv-06301 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JUUL Labs, Inc. ("JLI") hereby removes this action from the Circuit Court of Lake County, Illinois, where it is pending as Case No. 2019-L-00000571, to the United States District Court for the Northern District of Illinois. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. Complete diversity of citizenship exists between Lake County and JLI, and the amount in controversy exceeds $75,000, exclusive of costs and interests. The sole plaintiff, and real party in interest in this case, is Lake County, Illinois. Plaintiff may argue that it also brings this action on behalf of the State of Illinois, thus destroying diversity jurisdiction. A fair reading of the Complaint as a whole, however, reveals that the principal grievant is Lake County acting on behalf of and

seeking relief for Lake County residents. References to the State and citizenry of Illinois are mere lip service designed to defeat Defendant's statutory right to removal.

By filing this Notice of Removal, JLI does not waive, and hereby reserves, any and all objections as to venue, personal jurisdiction, or the legal sufficiency of the claims alleged in the Action, and all other objections and defenses. JLI reserves the right to supplement and/or amend this Notice. As grounds for removal, JLI states as follows:

### A. BACKGROUND

1. Plaintiff Lake County ("Lake County" or "Plaintiff"), through its County State's Attorney, Michael G. Nerheim, commenced this action on August 13, 2019, in the Circuit Court of Lake County, Illinois, County Department, Law Division (the "Action").

2. The Complaint alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, et seq. ("ICFA"), and common law claims for negligence and unjust enrichment. The Complaint seeks monetary fines, restitution, civil penalties, and declaratory and injunctive relief.

3. A copy of the as-served Complaint and Summons is attached hereto as Exhibit A.

4. Plaintiff served JLI with the Complaint and Summons on August 23, 2019.

5. Following this removal, JLI intends to seek a stay of this action pending a decision from the Judicial Panel on Multidistrict Litigation (JPML) on whether to establish a multidistrict litigation for pretrial proceedings in this and other cases. *See In re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2913. JLI filed a brief in support of transfer by the JPML to the Northern District of California on July 29, 2019. *See* MDL No. 2913, Dkt 1.

B.     GROUNDS FOR REMOVAL

6.     This case is removable pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1) and 28 U.S.C. §§ 1441(a) and (b).

7.     This Court has original jurisdiction under 28 U.S.C. § 1332(a) and (c)(1) because there is complete diversity between the parties and the amount in controversy requirement is satisfied. Plaintiff is a citizen of Illinois, and the JLI is not a citizen of Illinois. JLI is a citizen of Delaware (its state of incorporation) and California (its principal place of business). As set forth more fully below, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Complete Diversity Exists Between The Parties**

8.     As the Complaint alleges, JLI is incorporated in the State of Delaware, with its principal place of business in California. JLI is not a citizen of the State of Illinois.

9.     The sole Plaintiff and real party in interest in this case is Lake County, Illinois, which is a citizen of the State of Illinois.

10.    The State's Attorney for Lake County, Michael G. Nerheim, filed this action on behalf of Lake County and under a provision of the ICFA that allows counties, by and through their county State's Attorney, to bring *parens patriae* lawsuits for violations of the ICFA. *See* 815 ILCS 505/7; *Ashton v. Cook Cty.*, 384 Ill. 287, 297 (1943) (The "State's Attorney is … a county officer.").

11.    For diversity purposes, counties are citizens of the state in which they are located. *Moor v. County of Alameda*, 411 U.S. 693, 717–718 (1973); *Goros v. Cty. of Cook*, 489 F.3d 857, 859 (7th Cir. 2007) (noting that, under *Moor*, "a county is a 'citizen' of its state for purposes of diversity jurisdiction"); *see also* Ill. Const. art. VII, § 1, *et seq.* (setting out independent status of counties and municipalities). Lake County is regularly treated as a citizen of Illinois. *See, e.g.*,

*Unity Ventures v. Cty. of Lake*, 894 F.2d 250 (7th Cir. 1990); *Donovan v. Cty. of Lake*, No. 08-CV-3098, 2009 WL 10697255 (N.D. Ill. Feb. 5, 2009); *Vasquez v. Cty. of Lake, Illinois*, No. 01 C 6541, 2002 WL 31256166 (N.D. Ill. Oct. 7, 2002).

12. While federal courts generally do not exercise diversity jurisdiction over a case where a state is the real party in interest, this is not such a case. Rather, a political subdivision of a state is a citizen of the state for diversity jurisdiction purposes. To determine whether a state is the real party in interest, courts in the Seventh and Ninth Circuits examine the case "as a whole" to assess whether the primary relief sought and interests served are the state's, even if parochial interests are also served by the lawsuit. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 669 (9th Cir. 2012) (citing *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981)); *see Scott*, 660 F.2d at 250 ("When a state official is a party to a proceeding over which diversity jurisdiction is alleged, whether the respective state is itself the real party in interest is a question to be determined from the "essential nature and effect of the proceeding.'").

13. Moreover, that Lake County is a citizen of Illinois is unaffected by the claim that the Lake County State's Attorney is also be acting on behalf of the People of the State of Illinois. When a governmental entity in Illinois brings a *parens patriae* suit under the ICFA, the real party in interest is the governmental entity itself, not the group whose interests it seeks to protect. *See Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047, 1049 (C.D. Ill. 2009); *People of State of Illinois v. LiveDeal, Inc.*, 2009 WL 383434, at *1 (C.D. Ill. Feb. 12, 2009). Thus, although Lake County has brought two Claims, pursuant to statute, in the name of the People of the State of Illinois, *see* 815 ILCS 505/7, the County *itself* is the real party in interest: it purports to be vindicating its own interest in the health and wellbeing of Lake County minors and remedying burdens placed on Lake County resources and seeks restitution and other damages on behalf of private individuals.

14. In the present case, Lake County plainly is the real party in interest. Looking "to the complaint as a whole," *LG Display Co., Ltd. v. Madigan*, 665 F.3d 768, 773 (7th Cir. 2011) (internal quotation marks omitted), the action primarily vindicates the interests of Lake County— the suit is brought by Lake County individually, two Claims are brought in its name alone, and the sparse factual allegations attempting to tie JLI's alleged conduct to the State of Illinois focus on the burdens placed on Lake County resources due to the purportedly increased use of e-cigarettes among minors in Lake County. Moreover, as discussed below, Lake County seeks substantial monetary and equitable relief on its own behalf—not on behalf of the State. *Cf. In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 354 F. Supp. 3d 1122, 1136 (N.D. Cal. 2019) (Illinois real party interest where Plaintiff sought only civil penalties and injunctive relief under Consumer Fraud Act).

### The Amount In Controversy Exceeds $75,000

15. The $75,000 amount in controversy requirement in met. 28 U.S.C. § 1332(a). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). In determining whether the amount in controversy requirement is satisfied, courts "consider the pecuniary result to either party which the judgment would directly produce." *Smith Prod. Co. v. Baldwin*, 106 F.3d 403 (7th Cir. 1997).

16. Plaintiff's Complaint does not include a specific demand for damages. Nonetheless, Plaintiff's claims and allegations plainly put at least $75,000 in controversy. For example:

  a. The Complaint refers explicitly to the cost of resources that Lake County claims it has been forced to expend, "including offering private and group counseling (at $75–$150 per session) and providing nicotine replacement therapies to its addicted population," for which "experts charge

5

    approximately $16,000 for 30-day inpatient treatment" and "approximately $30,000" for yearlong outpatient treatments "[o]n an individual bases." Compl. ¶¶ 138-39. Thus, the jurisdictional amount would be satisfied if JLI were ordered to provide treatment for just five Lake County residents.

  b. Counts II and III of the Complaint are brought by the County alone, and assert common law claims against JLI that seek "the greater of actual or compensatory damages." Compl. Prayer for Relief, ¶ C.

  c. The Complaint seeks punitive damages. *Id.* ¶ E. These must be considered in the Court's amount-in-controversy analysis. *Loss v. Blankenship*, 673 F.2d 942, 951 (7th Cir. 1982).

  d. The Complaint alleges that "JUUL is currently valued at over $38 Billion." *Id.* ¶ 36. In addition to other remedies, the Complaint seeks "forfeiture, disgorgement, restitution, rescission, and divesture of JUUL's proceeds and asserts." *Id.* ¶ F.

  17. That the amount in controversy requirement is satisfied is further confirmed by the claims for injunctive relief. *See* 28 U.S.C. § 1446(c)(2)(A)(i). The value of that relief counts toward the amount in controversy requirement. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003). Generally, the value of an injunctive claim may be calculated by measuring either the benefit to the plaintiff or the cost to the defendant. *Golin v. Neptune Mgt. Corp.*, 704 Fed. App'x 591, 595 (7th Cir. 2017). From either perspective, the $75,000 amount requirement is satisfied. The County claims it is continuing to incur substantial damages going forward (*see*, *e.g.*, Compl. ¶¶ 138-139)—which themselves would exceed $75,000—and the injunction(s) the County seeks would end the conduct purportedly causing these ongoing expenditures. *See generally Midland Mgt. Co. v. Am. Alt. Ins. Corp.*, 132 F. Supp. 3d 1014, 1019–20 (N.D. Ill. 2015) (denying motion to remand where value of harm alleged "could easily exceed $75,000").

  18. Although JLI contends that Plaintiff is not entitled to any damages, a full and fair reading of Plaintiff's Complaint clearly shows that the amount in controversy exceeds $75,000.

## C. PROCEDURAL REQUIREMENTS AND NOTICE

19. In accordance with 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and other papers served on JLI in the state court action are attached hereto as Exhibit A.

20. This removal to the Northern District of Illinois, Eastern Division is proper under 28 U.S.C. § 1441(a), because the state court action is pending in the Circuit Court of Lake County, Illinois, which is located in this district and division.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of removal is being promptly provided to Plaintiff, and a Notice of Removal, together with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit Court of Lake County, Illinois, Law Division.

22. Copies of these documents are attached hereto as Exhibits B and C, respectively.

## D. TIMELINESS

23. Plaintiff served JLI with a copy of the Summons and Complaint on August 23, 2019, and JLI is seeking removal within 30 days of that date. Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b).

## E. JURY DEMAND

24. Plaintiff's Complaint in the state court action demands a trial by jury. Compl. ¶ 1.

DATED: September 20, 2019						Respectfully submitted,

                                                  **EIMER STAHL LLP**

                                                  By:  /s/ *Brent R. Austin*
                                                  Brent R. Austin
                                                  224 South Michigan Avenue
                                                  Suite 1100
                                                  Chicago, IL 60604
                                                  (312) 660-7600
                                                  BAustin@eimerstahl.com

                                                **GIBSON, DUNN & CRUTCHER LLP**

                                                  Douglas Fuchs (*pro hac vice* forthcoming)
                                                  333 South Grand Avenue
                                                  Los Angeles, CA 90071-3197
                                                  (213) 229-7605
                                                  DFuchs@gibsondunn.com

                                                  *Attorneys for Defendant JUUL Labs, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2019, the foregoing Notice of Removal was sent by electronic mail and filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Michael G. Nerheim
State's Attorney
LAKE COUNTY STATE'S
ATTORNEY'S OFFICE
18 N County Street
Waukegan, IL 60085
Tel: (847) 337-3000

Antonio Romanucci (ARDC 6190290)
Robert Baizer (ARDC 0095710)
Joseph Kolar (ARDC 6191777)
David Nieman (ARDC 6300412)
Bryce Hensley (ARDC 6327025)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
rbaizer@rblaw.net
jkolar@rblaw.net
dneiman@rblaw.net
bhensley@rblaw.net

Steven Hart (ARDC 6211008)
Brian Eldridge (ARDC 6281336)
Carter Grant (ARDC 6306058)
John (Jack) Prior (ARDC 6306767)
HART MCLAUGHLIN & ELDRIDGE, LLC
22. W. Washington St., Suite 1600
Chicago, Illinois 60602
Tel: (312) 955-0545
Fax: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
cgrant@hmelegal.com
jprior@hmelegal.com

Jay Edelson (ARDC 6239287)
Ben Richman (ARDC 6300668)
Sydney Janzen (ARDC 6324107)
Alfred Murray III (ARDC 6297264)
Ari Scharg (ARDC 6297536)
EDELSON PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
brichman@edelson.com
sjanzen@edelson.com
amurray@edelson.com
ascharg@edelson.com

 /s/ *Brent R. Austin*